# Exhibit D

# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number:  (202) 879-3437
smlevine@JonesDay.com

March 17, 2017

**VIA E-MAIL:  FOIA@HQ.DHS.GOV**

The Privacy Office
U.S. Department of Homeland Security
245 Murray Lane SW
STOP-0655
Washington, D.C. 20528-0655

      Re:    **Freedom of Information Act Request:  Mobile Biometric Devices and Applications**

Dear Sir or Madam:

      The Jones Day law firm represents Mijente Inc. ("Mijente") and the National Immigration Project of the National Lawyers Guild ("NIPNLG").  Mijente is a national organization that coordinates and organizes with its affiliates in several states to address issues relating to immigration enforcement and Latinx political participation.  Founded by community organizers, its focus is on developing and sparking social change with respect to immigration and other social justice issues in the Latinx community and beyond.  NIPNLG is a membership-based organization that works with immigrants swept into the removal system.  It is a national non-profit organization that provides legal assistance and technical support to immigrant communities, legal practitioners, and advocates working to protect the rights of noncitizens, seeking to promote justice and equality of treatment in all areas of immigration law.

      In accordance with the Freedom of Information Act, 5 U.S.C. § 552, I request on behalf of our clients all records that relate to civil rights or civil liberties investigations conducted by the Department of Homeland Security's Office for Civil Rights and Civil Liberties or third parties regarding the use of mobile biometric devices or applications, including but not limited to those used by U.S. Immigration and Customs Enforcement in immigration actions, including but not limited to complaints of racial profiling, indiscriminate fingerprinting, immigration sweeps, or collateral arrests.

      I respectfully request a waiver of fees in accordance with 5 U.S.C. § 552(a)(4)(A)(iii).  That provision is to be "liberally construed in favor of waivers for noncommercial requesters." *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1312 (D.C. Cir. 2003).  Neither Jones Day nor our clients have a commercial interest in this information.  Rather, Jones Day is providing pro

NAI-1502528573v2

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

U.S. Department of Homeland Security
March 17, 2017
Page 2

bono legal services to NIPNLG and Mijente, both of which are non-profit organizations dedicated to public interests. Attorneys, noncitizens, and any other interested members of the public may obtain information about immigration-related issues through NIPNLG and Mijente's distribution of written materials, including on their respective websites, and through public and educational appearances. NIPNLG and Mijente seek the requested information for the purpose of disseminating it to members of the public who have access to their public websites and other free publications, and not for the purpose of commercial gain. In addition, disclosure of the requested information "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k). Disclosure of the requested information will contribute significantly to the public understanding of government operations and activities related to use of mobile biometric devices and applications in immigration actions because NIPNLG and Mijente have the capacity and intent to disseminate widely the information to a broad audience. NIPNLG and Mijente will review and analyze the information obtained through this FOIA request. In addition, NIPNLG and Mijente staff will speak publicly and publish written materials to be shared with the public and organizational members. NIPNLG and Mijente will make the information available through their respective websites, which are accessible by any member of the public. Moreover, NIPNLG and Mijente have frequent contact with national print and news media and plan to share information gleaned from FOIA disclosures with interested media. Disclosure of the requested information will shed light on aspects of processes of ICE and other agencies heretofore unknown to the public. Finally, consistent with their missions and past practices, the organizations intend, once they receive the information, to share it with fellow organizations dedicated to public interests as well as with the public itself, in order to help protect the rights of immigrants, including ensuring that they receive legal representation.

If my fee-waiver request is denied, I am willing to pay fees up to a maximum of $100. For reasons similar to those set out above, this request at least qualifies for substantially reduced fees. If you nevertheless estimate that the fees will exceed this limit, or if you have any questions regarding this request, please contact me at 202-879-3437 or smlevine@jonesday.com. I reserve the right, however, to challenge a denial of my fee-waiver request. *See* 5 U.S.C. § 552(a)(4)(A)(vii).

Please deliver the requested documents by email or mail.

Thank you for your consideration of this request. I look forward to receiving your response within the 20-day period set by Congress. *See id.* § 552(a)(6)(A)(i).

NAI-1502528573v2

JONES DAY

U.S. Department of Homeland Security
March 17, 2017
Page 3

                                                     Sincerely,

                                                     Scott M. Levine